United States District Court
For the Northern District of California

*E-Filed 1/18/11*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

ANNA VERTKIN, et al.,

    Plaintiffs,

v.

WELLS FARGO HOME MORTGAGE, et al.,

    Defendants.

No. C 10-03527 RS

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FEDERAL CLAIMS WITH PREJUDICE; DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION**

## I. INTRODUCTION

This is a Motion to Dismiss myriad claims brought by plaintiffs Anna Vertkin and Maria Guevara against Wells Fargo, Bank of America, First American Corporation, Benlar Investments, Gail Koren, Candice Tai, Gene Vertkin, Sonja Vertkin, and Michael Vertkin. Plaintiffs seek relief pursuant to eight claims alleging various misdeeds on the part of some or all defendants: (1) violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, *et seq.* ("RICO"); (2) violations of the Due Process clause of the Fifth Amendment; (3) fraud; (4) unfair business practices as contemplated by California's Unfair Competition Law; (5) tortious interference with contract; (6) waste, trespass, conversion, intentional infliction of emotional distress, and restraint of trade; (7) wrongful foreclosure; and (8) retaliation. Defendants Wells Fargo

and Bank of America argue that plaintiffs' Complaint should be dismissed because plaintiffs lack standing to pursue these claims, because Vertkin is at any rate estopped from pursuing claims omitted from her bankruptcy schedule, and because the Complaint fails to state a claim for relief. In a separate motion to dismiss, defendants Gene, Sonja, and Michael Vertkin echo their co-defendants' arguments.[1] As plaintiffs have failed to state a plausible RICO or due process claim, both must be dismissed without leave to amend. The Court declines to exercise supplemental jurisdiction over plaintiffs' remaining state law claims, and these shall be dismissed without prejudice.[2] This matter was deemed appropriate for resolution without oral argument pursuant to Civil Local Rule 7-1(b).

## II.  PROCEDURAL HISTORY

On April 28, 2010, plaintiffs filed this Complaint in the United States District Court for the Southern District of Texas. Defendants moved in that district to dismiss the Complaint for improper venue, to dismiss for failure to state a claim for relief, or to transfer. The case was transferred to this Court in June of 2010, where it was related to a pending action: C 10-0775 RS *Vertkin v. Wells Fargo, et al*. In that matter, this Court issued an order (the "Related Order") dismissing with prejudice Vertkin's federal claims, including a nearly identical RICO claim. As the analysis set forth in the Related Order is squarely applicable here, it is incorporated by reference. To the extent this Complaint raises different facts or discusses different parties, these are addressed below. The Related Order also considered and rejected an identical defense argument as to the impact of Vertkin's bankruptcy proceeding on her ability to bring civil claims. That analysis is similarly adopted here. As a general matter, while this case involves additional plaintiffs and defendants, both complaints target the Rose Avenue foreclosure and for the most part discuss identical facts.

## III. FACTUAL BACKGROUND

---

[1] No other defendant has made an appearance in this litigation and it is not clear from the docket if they were properly served.

[2] Plaintiffs also filed a motion to stay proceedings and several motions to strike or limit the scope of defendants' factual and legal arguments. There is no basis to grant any of these motions and they will therefore be denied.

The factual description included in the Related Order is incorporated by reference. Unique to this Complaint is plaintiffs' averment that Michael Vertkin's brother Gene and his then-wife, plaintiff Maria Socorro Ruiz Guevara, participated in the purchase of the Rose Avenue property in 1994. At the time Gene Vertkin "jointly" purchased the property, plaintiffs claim he forged a power of attorney on behalf of Guevara and in favor of himself. Using this power of attorney, they allege he secretly gifted certain properties to Michael Vertkin, including his portion of the California property at issue in this case. The Complaint does not include an explanation of how these facts, even if true, are relevant to either Anna and Michael Vertkin's loan or to the ultimate foreclosure sale. Plaintiffs also present facts relating to defendant Frank Howard Allen Realtors. Plaintiffs complain that during the period when Wells Fargo had taken possession of the Rose Avenue property in the autumn of 2009, Frank Howard Allen Realtors and its agents had access to any mail Vertkin might have received. Plaintiffs characterize the realtors' failure to forward this mail to Vertkin as "mail fraud."

### III.  LEGAL STANDARD

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Rule 8 of the Federal Rules of Civil Procedure further provides that to state a claim, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The first part of this requirement—"a short and plain statement of the claim"—cannot be read without reference to the second part—"*showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). The Supreme Court has made clear that while "showing" an entitlement to relief does not require "detailed factual allegations," it does "demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Thus, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citations omitted).

If the Court concludes that the complaint should be dismissed, it must then decide whether to grant leave to amend.  "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

## IV.  DISCUSSION

### A.  Judicial Notice

As explained in the Related Order, the Court takes judicial notice of the following facts: (1) the record in Vertkin's bankruptcy proceeding; (2) the Deed of Trust was recorded on September 2, 2005; (3) a Notice of Default was recorded on October 1, 2009; and (4) a Notice of Trustee Sale was recorded on January 5, 2010.

### B.  Federal Jurisdiction

While plaintiffs insist this Court has federal subject matter jurisdiction by way of diversity jurisdiction, the parties are not completely diverse.  Vertkin contends she is a resident of Texas.  In her Complaint, she avers that at least three other defendants are also residents of that state.  While diversity jurisdiction is accordingly absent, plaintiffs' first and second claims for relief—respectively, for violation of the civil RICO statute and the due process clause—do arise under federal law and therefore trigger this Court's federal question jurisdiction.

### B.  Bankruptcy Proceedings

As explained in the Related Order, Vertkin's bankruptcy proceedings have now been terminated.  Accordingly, defendants' standing and estoppel arguments no longer remain viable.

### B.  RICO

Defendants move to dismiss plaintiffs' claim for civil damages in light of defendants' alleged RICO violations.  Plaintiffs' Complaint suffers from the same defects highlighted by the Related Order.  This Complaint too falls woefully short of stating a colorable RICO claim.  It fails to pinpoint *what* racketeering activity, as defined in section 1961(1), defendants committed.  Even splicing those allegations which *resemble* "racketeering" activity—such as the claim that Gene

No. C 10-03527
ORDER

4

Vertkin forged a power of attorney in his favor,[3] that Vertkin's realtors committed "mail fraud" in early 2010 because they had access to her home but failed to forward her mail, or that the corporate defendants entertained a nefarious plot to foreclose on the Rose Avenue property—no lucid pattern emerges.  In order to demonstrate a pattern of racketeering activity, a plaintiff must "show that the racketeering predicates are related, *and* that they amount to or pose a threat of continued criminal activity."  *H.J. Inc. v. NW Bell Tele. Co.*, 492 U.S. 229, 239 (1989) (emphasis in original).  It is not plausible, for example, that Gene Vertkin's allegedly forged power of attorney in the late 1990s has anything to do with the Vertkins' default on a loan obligation entered into a decade later or the corporate defendants' attempt to enforce it.  Also like the complaint in the related matter, the one in this action lacks facts plausibly suggestive of an enterprise.  While plaintiffs *conclude* defendants were involved in some "ultra complicated web of trickery," (Compl., 4:18), all they have *shown* is parallel conduct.

Viewed in a light most favorable to plaintiffs as required on a motion to dismiss, the Complaint fails to state a plausible RICO claim.  While plaintiffs have advanced a litany of alleged facts covering a vast timeframe, they simply do not constitute any coherent presentation that could translate into a RICO claim for relief.  Granting leave to amend would be futile, and therefore the motion to dismiss is granted without leave to amend.

C.  Due Process Claims

The second claim for relief alleges that defendants violated the due process clause of the Fifth Amendment.  That constitutional provision operates solely as a constraint on governmental entities.  *See Betts v. Brady*, 316 U.S. 455, 462 (1942) (holding that due process of law is secured against invasion by the federal government); *Castillo v. McFadden*, 399 F.3d 993, 1002 n.5 (9th Cir. 2005) (the Fifth Amendment prohibits the federal government from depriving persons of due process).  Bank of America and Wells Fargo are private entities, and therefore a due process claim is

---

[3] Notably, Gene Vertkin's alleged forgery took place in 1994.  The earliest of her other allegations of improper conduct would seem to be the loan issued to the Vertkins in 2005.  Even if some sort of pattern could be deduced between this forgery and any other event discussed in the Complaint, the time gap between them would be greater than ten years.  18 U.S.C. § 1961(5).

NO. C 10-03527
ORDER

5

foreclosed as a matter of law.  Defendants Gene Vertkin, Sonja Vertkin, and Michael Vertkin are individuals and not a part of the federal government, so the due process claim is similarly inapplicable.  Plaintiffs' claim for relief is therefore dismissed, without leave to amend.

### D. Supplemental Jurisdiction

Plaintiffs' remaining claims arise under state law.  No reason would warrant the exercise of discretionary jurisdiction over those claims by this Court.  *See* 28 U.S.C. § 1367(c)(3) (providing that a district court may decline to exercise supplemental jurisdiction where it "has dismissed all claims over which it has original jurisdiction").  Accordingly, plaintiffs' state law claims are dismissed without prejudice.

### V. CONCLUSION

Plaintiffs have not advanced a colorable claim under RICO or the due process clause, and defendants' motions to dismiss these claims are granted.  Amendment would be futile and therefore dismissal is without leave to amend.  Because plaintiffs' remaining claims raise issues of state law, those claims are dismissed without prejudice.

IT IS SO ORDERED.

Dated: 1/18/11

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

No. C 10-03527
ORDER

6

**THIS IS TO CERTIFY THAT A HARD COPY OF THIS ORDER WAS MAILED TO:**

**Maria Socorro Ruiz Guevara**
17 Saint Rafael Way NE
Hanceville, AL 35077

**Gennady & Sonja Vertkin**
325 Calais Drive
Keller, TX 76248

**Michael Vertkin**
PO Box 2465
Keller, TX 76244

DATED: 1/18/~~2010~~
         2011

/s/ Chambers Staff
Chambers of Judge Richard Seeborg

\* Counsel are responsible for distributing copies of this document to any co-counsel who have not registered with the Court's electronic filing system.

No. C 10-03527
ORDER